JOSEPH B. DITTO AND CAROLINE C. HITCHCOCK

v.

LOUIS L. SHARPE.

*Attachment—Bill of Sale—Possession under.*

This court declines to interfere with the judgment of the trial court wherein it finds that certain goods, when attached, were rightfully in the possession of another under a bill of sale.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. ERNEST HITCHCOCK and EDWIN BURRITT SMITH, for appellants.

The Supreme Court of this State has consistently and uniformly held in an unbroken current of decisions from 1 Scammon down, that "all conveyances of goods and chattels, where the possession is permitted to remain with the alienor or vendor, are fraudulent *per se* and void as to creditors and purchasers unless the retaining of possession be consistent with the deed." "The vendor's possession * * * is a fraud *per se* and can not be rebutted by testimony of fair intention." Thornton v. Davenport, 1 Scam. 296, 298; Rhines v. Phelps, 3 Gilm. 456; Reed v. Eames, 19 Ill. 595; Thompson v. Yeck, 21 Ill. 73, Dexter v. Parkins, 22 Ill. 146; Ketchum v. Watson, 24 Ill. 591; Thompson v. Wilhite, 81 Ill. 356; Lefever v. Mires, 81 Ill. 456; Johnson v. Holloway, 82 Ill. 334, 336; Ticknor v. McClelland, 84 Ill. 472; Allen v. Carr, 85 Ill. 388; Richardson v. Rardin, 88 Ill. 129; Greenebaum v. Wheeler, 90 Ill. 298; Rozier v. Williams, 92 Ill. 187; Lawson v. Frank, 108 Ill. 507; Harts v. Jones, 21 Ill. App. 150.

There was no sufficient delivery of the property in question here to pass title as against the attaching creditor.

A sufficient delivery is—

Ditto v. Sharpe.

" A change of possession which will protect the title of the purchaser as against creditors must consist of a complete surrender and discontinuance of the exercise of acts of ownership by the vendor, and the assumption of such acts on the part of the vendee." Wait, Fr. Con., 2d Ed., p. 362.

Debtor must cease from apparent as well as real ownership. Topping v. Lynch, 2 Rob. (N. Y.) 488; Steel v. Benham, 84 N. Y. 638.

Words and inspection not enough. Crandall v. Brown, 18 Hun (N. Y.), 461.

Change of possession must be continuous. Wait, Fr. Con., 363.

Concurrent or joint possession not sufficient. Id. 365; Bump, Fr. Con., p. 137.

" Change of possession required by this rule is an actual and not a merely constructive change. An actual change, as distinguished from that which by the mere intendment of the law follows the transfer of the title, is an open, visible, public change, manifested by such outward signs as render it evident that the possession of the owner has entirely ceased." Bump on Fr. Con., 112.

" The delivery must be actual, and such as the nature of the property and the circumstances of the sale will reasonably admit, and such as the vendor is capable of making. A mere symbolical or constructive delivery when a real one is reasonably practicable is of no avail." Id. 133.

" There must be some open, notorious or visible act clearly and unequivocally indicative of delivery and possession, such as putting up a new sign, or any other reasonable means which would impart notice to a prudent man that a change had taken place. The act must be so open and manifest as to make the change of possession apparent and visible. The change of possession must be such as is observable without inquiry." Id. 139; see Garman v. Cooper, 72 Pa. St. 32.

These principles are sustained by the Illinois cases. See Ticknor v. McClelland, 84 Ill. 474; Allen v. Carr, 85 Ill. 388; Harts v. Jones, 21 Ill. App. 150, and other cases cited.

Messrs. CONDEE & ROSE, for appellee.

"Where a debtor, in failing circumstances, by way of preference, makes a bill of sale of his stock in trade, household furniture, etc., to one of his creditors, and is thereupon employed by such creditor as his head clerk, or agent, to manage the business in the name of his principal, the purchaser, and at the same time such debtor retains possession of the household furniture, under a lease from the purchaser, such a transaction, though calculated to raise suspicion of collusion, is not conclusive of fraud and may by explained; and when, in such a case, a jury have found a verdict in favor of the purchaser and there was evidence warranting such a verdict, it will not be disturbed, even though the court might have differed in opinion with the jury, had they been sitting in the first instance, as tryers of the case." Powers v. Green, 14 Ill. 386.

"Where a vendee employs his vendor as a clerk to sell goods, although the fact may excite suspicion, it is not *per se* fraudulent, and may be explained." Warner v. Carlton, 22 Ill. 415.

In each of the foregoing Illinois cases, the vendee retained the vendor himself as his clerk, or agent, and the court say it was not fraudulent *per se*, but could be explained.

To the same effect we cite Godchaux v. Mulford, 26 Cal. 324; Billingsby v. White, 59 Penn. St. 466.

"It is well settled that the employment of the vendor in a subordinate capacity is only colorable and not conclusive evidence of fraud. Certainly, no stronger rule ought to be adopted against the employment of the mere servant of the vendor." Gray et al. v. Sullivan et al., 10 Nev. 416.

"The essential fact to be proved, under the circumstances of this case, was, whether or not there was an actual and continued change of possession. If this was sufficiently shown, then the mere fact of the re-employment of the clerk of the vendor by the vendees would not render the sale invalid." Ivancovich v. Stern, 14 Nev. 341.

As to the hiring of the clerk of the vendor by the vendee, and as to the failure to take down the sign of the vendor, we further quote from the following authorities:

Ditto v. Sharpe.

"Where one made an honest purchase of a store of goods, and received the actual and exclusive possession of it, but continued it in the same place, and allowed the signs and other outward appearances to remain unchanged, and put in to conduct it his own son, who had some time before been clerk in the same store, suffering the vendor, who lived in part of the house, to be about the store assisting in its business, these circumstances did not make the sale voidable by the creditors of the vendor or require its condemnation as a matter of law." Hugue v. Robinson, 24 Penn. 9.

"If one who has purchased a stock of goods in a shop occupied by the vendor, permit the signs of the vendor to remain over the door, that fact is evidence that the vendor remained in possession after the sale, and is so far evidence of fraud; but it admits of explanation." Scary v. Dearborn, 19 N. H. 351.

To the same effect is Hall v. Parsons, 15 Vt. 358.

*Per Curiam.* Appellee took from one Hall a bill of sale of certain articles, and left Hall in possession of them. After a time Hall left the city and the evidence tended to show, and the court below found, that appellee took possession of the articles under the bill of the sale before the writ of attachment under which appellants claim the goods was levied, and that at the time of said levy appellee was in possession of said goods by his custodian.

This finding of the court is controverted by appellants, but after an examination of the record and consideration of appellants' points and authorities, we are unable to concur in their contention. No fraud in fact is imputed to appellee, and whether he had taken legal possession of the goods before the attachment became a lien is a question which was, under the facts as shown in the record, conclusively settled in favor of appellee by the finding of the trial court. Judgment will be affirmed.

*Judgment affirmed.*